# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ESTATE OF AQUILA DUCKWORTH,**

**Plaintiff,**

**-vs-**                                                   **Case No.  6:07-cv-2014-Orl-22DAB**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

**Defendant.**

_____/

## ORDER

This is an insurance coverage dispute arising from a collision between a motorcycle being driven by Aquila Duckworth and another vehicle.  Duckworth died as a result of the accident.  The case was previously removed to this Court on the basis of diversity jurisdiction.  Pending herein are Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss and Motion to Strike Allegations of Amended Complaint (Doc. No. 4) and Plaintiff Estate of Aquila Duckworth's ("the Estate") Unopposed Motion to Substitute Real Party in Interest; Unopposed Motion to Amend Counts I and II of Amended Complaint; Unopposed Motion to Voluntarily Dismiss Count III of Amended Complaint Without Prejudice; and Opposed Motion for Leave to Amend to Add Party Defendants (Doc. No. 5).

Asserting a number of pleading deficiencies, State Farm seeks dismissal of the Amended Complaint and an order striking certain of that pleading's allegations, as well as an exhibit thereto.  In response, the Estate has moved to amend the pleading to cure the deficiencies raised

in the motion to dismiss.  That aspect of the Estate's motion to amend is unopposed.  The Court will grant that request, mooting State Farm's motion to dismiss.

The Estate also desires to amend to add the alleged tortfeasor and the owner of the car she was driving at the time of the accident, for the purpose of asserting tort claims against those parties.  However, State Farm represents "[u]pon information and belief" that both of these persons are Florida residents.  *See* Doc. No. 6 at 4.[1]  The insurer opposes this aspect of the Estate's proposed amendment on the asserted ground that the addition of the two new parties would destroy diversity and terminate this Court's subject matter jurisdiction.  In that regard, the Estate alleges that Aquila Duckworth was a Florida resident, and it was on that basis that the case was removed to this Court.[2]

In the context presented here, adding a non-diverse party post-removal would destroy subject matter jurisdiction.  *See Ingram v. CSX Transp., Inc.,* 146 F.3d 858, 861-62 (11th Cir. 1998); *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1180-81 (5th Cir. 1987).  Amendment under these circumstances is governed by 28 U.S.C. § 1447(e).  That statutory provision states:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." § 1447(e).  When faced with such a motion, a district court "should

---

[1]The Estate has not filed a motion seeking leave to file any materials controverting that allegation.  The Estate did file a reply memorandum without leave of Court, but that document was stricken for violating this Court's Local Rules, and the Estate has not submitted a motion seeking leave to re-file it.  Since the Estate's reply memorandum was removed from the record, the Court is unaware of its contents.

[2]State Farm believes Aquila Duckworth was actually a Maryland resident at the time of his death.

scrutinize [the requested] amendment more closely than an ordinary amendment." *Hensgens,* 833 F.2d at 1182.; *see also Houser v. Medtronic USA, Inc.,* No. 6:06-CV-597-ORL-19DAB, 2006 WL 2054323 *2 (M.D. Fla. Jul. 21, 2006) (citing, *inter alia, Hensgens*); *Dal-Tile Corp. v. Zurich Am. Ins. Co.,* No. CIV 3:02-CV-751-H, 2002 WL 1878377 **1-2 (N.D. Tex. Aug. 13, 2002) (same). In "balanc[ing] the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits," the district court should consider the following factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction;" (2) "whether plaintiff has been dilatory in asking for amendment;" (3) "whether plaintiff will be significantly injured if amendment is not allowed;" and (4) "any other factors bearing on the equities." *Hensgens,* 833 F.2d at 1182; *Houser,* 2006 WL 2054323 at *2 (quoting *Hensgens*); *Dal-Tile,* 2002 WL 1878377 at *1 (same). Application of these factors to the present case compels the conclusion that the Estate should not be permitted to add these non-diverse defendants.

First, the circumstances strongly suggest that the sought amendment is intended to defeat subject matter jurisdiction. In the Court's view, it is telling that the declaratory judgment count in the Amended Complaint, which was filed prior to removal and named only State Farm as a defendant, represented that "[a]ll relevant parties in interest in this controversy are before the court by proper process." *Id.*, ¶ 15, at 3. Now that the case has been removed, the Estate suddenly desires to add these non-diverse parties despite the fact that Plaintiff's attorney was well aware of their identity when he filed the Amended Complaint (counsel identified them by name in paragraph 5 of that pleading).

Regarding the second *Hensgens* factor, the Court finds that the Estate has not delayed unduly in seeking amendment.  In that connection, the present motion to amend was filed a little over two weeks after removal.

Third, the Estate will not be significantly prejudiced if amendment is disallowed, since the Estate remains free to sue the alleged tortfeasor and vehicle owner in state court.  In fact, there is no necessity to add these parties to this coverage dispute because State Farm has represented that it will not be asserting tort defenses to the Estate's claims.  Doc. No. 6 at 6-7.  Accordingly, injecting tort issues into this case would unduly complicate the litigation.  While this may result in two lawsuits, that result is entirely appropriate - indeed, preferable - in this particular circumstance.

Finally, insofar as the equities are concerned, State Farm has an undeniable and substantial interest in continuing in this federal forum.  The Estate's competing interest in maintaining its chosen forum is trumped by the removal statute, and the Court can discern no other equities favoring the Estate.

Balancing these factors, the Court concludes that the Estate's motion to amend should be denied insofar as it seeks to add the two non-diverse parties.

Based on the foregoing, it is ORDERED as follows:

1.  Plaintiff Estate of Aquila Duckworth's Unopposed Motion to Substitute Real Party in Interest; Unopposed Motion to Amend Counts I and II of Amended Complaint; Unopposed Motion to Voluntarily Dismiss Count III of Amended Complaint Without Prejudice; and Opposed Motion for Leave to Amend to Add Party Defendants (Doc. No. 5), filed on January 7, 2008, is GRANTED IN PART AND DENIED IN PART.

-4-

The Motion is DENIED insofar as it seeks leave to amend to add Elizabeth Alexander and Elizabeth Boyer as defendants herein.  In all other respects, the Motion is GRANTED.

2.  Plaintiff shall file and serve its Second Amended Complaint on or before February 29, 2008.

3.  Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss and Motion to Strike Allegations of Amended Complaint (Doc. No. 4), filed on December 21, 2007, is MOOT.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 20, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

ANNE C. CONWAY
United States District Judge